IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, ) | C/A No. 8:05-2523-RBH |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | |
| ) | |
| Colie Rushton, Warden; Henry D. McMaster, ) | **O R D E R** |
| Attorney General of South Carolina, ) | |
| Respondents. ) | |
| ) | |

This is an action filed by the petitioner pursuant to 28 U.S.C. §2254. Pending before the Court is Petitioner's "appeal" from the Magistrate Judge's Order dated December 13, 2005 addressing several pretrial motions. In her Order, the Magistrate Judge denied the petitioner's motions for appointment of counsel. She also denied certain discovery motions filed by the petitioner as premature with leave to refile. Additionally, the Magistrate Judge denied the petitioner's motion to consolidate the case with another case he allegedly filed on the basis that the case does not exist in the court's filing system. The magistrate judge also denied several other pretrial motions made by the petitioner.[1]

Under Local Rule 73.02(B)(2)(c), the Clerk of Court automatically assigns all pretrial proceedings in applications for post-conviction review under 28 U.S.C. §2254 to a magistrate judge. Federal Rule of Civil Procedure 72 provides that, within 10 days after being served with the magistrate's order on a nondispositive matter, a party may file objections to the order. In the case at bar, the

---

[1] See page two of [#23] Order of Judge Hendricks: motions for hearings, motions for discovery, motion for access to law books, motion for state to provide complete lower court records with return, motion for disclosure and motion for clocked copy of Habeas Petition.

1

petitioner's "appeal" to this Court is being construed as his objections pursuant to Fed.R.Civ.P. 72.

Magistrate Judges have broad discretion under the federal rules regarding discovery matters. "A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.' Fed.R.Civ. P. 72(a); 28 U.S.C.§636(b)(1)(A). Courts have found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a)." Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W.Va. 1994). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co. 333 U.S. 364, 395 (1948).

This Court has reviewed Petitioner's "appeal", construed as objections, and finds it has no merit. As the Magistrate Judge pointed out in her Order, the Respondents have not yet filed a Return. Therefore, the Court finds that the plaintiff's motions for discovery and his request for an evidentiary hearing are premature at this time due to the present posture of the case.[2] These motions may be refiled at an appropriate time. Likewise, this Court finds that the Magistrate Judge's rulings on the motions for counsel to be appointed and to consolidate are properly denied. The Court finds the Magistrate Judge's rulings on the remaining motions referenced herein by way of footnote are not clearly erroneous or contrary to law. For the foregoing reasons, the undersigned overrules the objections or "appeal" and recommits the case to the Magistrate Judge for further proceedings consistent with this Order.

---

[2] The Court notes that federal habeas petitioners are not allowed to engage in discovery without leave of court with good cause shown. *See* Orbe v. True, 201 F. Supp. 2d 671 (E.D. Va. 2002).

**IT IS SO ORDERED.**

January 12, 2006                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge