IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, ) | |
| ) | Civil Action No. 8:05-2523-RBH-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Colie Rushton, Warden; Henry D. ) | |
| McMaster, Attorney General ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |

The petitioner, Robert Holland Koon, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a return and motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

The petitioner's history in the state and federal courts is tortured and voluminous. As virtually all of it is irrelevant to the decision of the Court, such history will not be recounted here. Although not specifically incorporated, reference is made generally to the exhaustive treatment of those facts in the defendant's memorandum in support of their motion for summary judgment.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary

judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**DISCUSSION**

The petitioner has admittedly filed a "mixed" petition of exhausted and unexhausted claims (*See* Doc. 89), which should be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). It is well-settled that a petitioner must exhaust all available state court procedures prior to seeking federal court review of a habeas claim. 28 U.S.C. §2254(b)(1)(A); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999). In *Rose v. Lundy*, the Supreme Court of the United States ruled that even a "mixed" petition - raising both exhausted and unexhausted grounds - should be dismissed for failure to exhaust remedies. *See Rose,* 455 U.S. at 522.

Notwithstanding the clearly mixed nature of his petition, the petitioner has indulged in substantial gamesmanship to insulate himself from the consequences of *Rose*, while at the same time pursuing admittedly exhausted claims. (*See* Docs. 45 (Mot. Strike), 75 (Mot. Stay), 81 (Mot. Amend), 89 (Mot. Amend)). For example, he has efforted to strike unexhausted claims, which were previously pled, and has reserved the "right to strike all pleadings/issues that this Court deems as unexhausted or to move habeas be held in abeyance until exhaustion is completed." (Docs. 43 at 3 n.1 & 45.) The petitioner's efforts are unsuccessful, as a matter of law and, further, are not in his best interest.

First, his petition now clearly includes exhausted claims, by the petitioner's own amendment and admission. Specifically, the petitioner has amended his petition to include two claims,[1] which he expressly confesses are pending in state court: "Hearing on above [amended claims] (1) and (2) are scheduled for hearing . . . and a motion to stay these proceedings until resolution in state courts is pending. Re: 60(B)(1) *Koon v. State* #01-CP-11-202 and (PCR) *Koon v. State* #05-CP-11-667." (Doc. 89, Mot. Amend.; *see*

---

[1] The newly amended claims include an allegation that the state withheld critical impeachment information regarding a fingerprint expert and that the trial court failed to conduct a hearing on the petitioner's pre-trial motion to proceed *pro se.* These claims are not a part of his original petition and the only available information is that they remain unexhausted. The petitioner expressly professes as much. (*See* Doc. 89.)

4

*also* Order, dated August 22, 2006.)  Moreover, the petitioner reiterates the pendancy of these matters in state court, in his motion to stay.  (Doc. 75, Mot. Stay.)  In essence, the petitioner wants to have it both ways.  He has repeatedly attempted to plead unexhausted claims (Doc. 34 (Mot. Amend), 81 (Mot. Amend), 89 (Mot. Amend)), but, at the same time, avoid the strictures of *Rose*.  This he may not do.  The unexhausted claims are a part of his petition, which now must be dismissed.

Second, the petitioner's efforts are not even to his own betterment, as *Rose* strongly cautions.  Even if he were able to proceed, in this case, on the exhausted claims only -- which he cannot do as a consequence of his own amendment to the petition -- and later submitted a second petition to include the presently unexhausted grounds, he would likely be barred from bringing such a successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A); R. Governing Section 2254 9(b); *Rose*, 455 U.S. at 520-21. As a result, the petitioner might be risking what potentially might prove to be his most viable grounds[2] for relief.  Accordingly, notwithstanding his gamesmanship, the plaintiff's interests would not be served by potentially "forfeiting consideration" of his unexhausted claims through piecemeal litigation. *See Rose*, 455 U.S. at 520-21.

No matter, the petitioner has submitted a mixed petition for review that should be dismissed under *Rose*.

---

[2]  The Court makes no finding as to the viability of any of the plaintiff's claims, whether exhausted or unexhausted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be GRANTED and the petition dismissed *without prejudice*. If the District Court accepts this recommendation, the petitioner's remaining non-dispositive motions should be considered MOOT [Docs. 31, 43, 46, 55, 60, 90].


                                             s/ Bruce H. Hendricks
                                             United States Magistrate Judge

August 24, 2006
Greenville, South Carolina