IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, ) | C/A No. 8:05-2523-RBH |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | |
| ) | |
| Colie Rushton, Warden; Henry D. McMaster, ) | **O R D E R** |
| Attorney General of South Carolina, ) | |
| Respondents. ) | |
| ) | |

Petitioner Robert Holland Koon, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on September 29, 2005. Currently pending before the court is the Respondents' motion for summary judgment which was filed on February 21, 2006 and the petitioner's Motion to Stay filed on August 28, 2006. By Order entered February 22, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on February 28, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on August 25, 2006. In the Report, the Magistrate Judge notes that the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), is applicable to this case. She recommends that the entire petition be dismissed without prejudice under *Rose v. Lundy*, 455 U.S. 509 (1982), since the petition as currently amended contains two claims as to which PCR proceedings are pending in state court. The two claims

1

which the petitioner recently added to his petition, with permission of Judge Hendricks, were, first, that the State "committed a *Brady* violation when they <u>withheld</u> and <u>concealed</u> fact that state fingerprint expert was former employee/agent of the victim" and, second, that the trial court "committed a structural error when it failed to conduct a hearing on petitioner's pretrial motion to proceed *pro se* per *Faretta v. California*."[1] Petitioner filed objections to the Report and Recommendation on September 6, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court addressed the procedural options available to district courts after AEDPA, where a habeas petition is "mixed"; that is, it contains both exhausted and unexhausted claims. The Court observed that *Lundy* had imposed a "total exhaustion" rule which required dismissal of mixed petitions so that all state remedies could be exhausted before federal courts considered the issues. This rule was based upon comity, as there was

---

[1] In his Petition for Writ of Certiorari to the South Carolina Supreme Court relating to a PCR order, the petitioner alleged ineffective assistance of counsel regarding counsel's failure to request a *Faretta* hearing at trial. The petition was denied on August 18, 2005.

no federal statute of limitations at the time. However, AEDPA, enacted in 1996, contains a one-year statute of limitations for the filing of petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). This limitations period is tolled during a "properly filed" state PCR application.[2] In *Rhines*, the Supreme Court noted:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

*Id*. at 275.

In *Rhines*, the court held that district courts have discretion to stay habeas petitions in "limited circumstances", i.e., where the record supports a finding that "there was good cause for the petitioner's failure to exhaust the claims first in state court" and the state claims are "potentially meritorious." A stay is not appropriate where a petitioner engages in "abusive litigation tactics or intentional delay." *Rhines* also held that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278.

After review of the record and applying the above factors, the Court finds that the petitioner's motion to stay should be denied under the circumstances of this case. However, the Court respectfully rejects the Report and Recommendation that the entire petition be dismissed. Instead, the matter is recommitted to the Magistrate Judge. The petitioner shall advise the Magistrate Judge through a filing

---

[2] Numerous cases have addressed issues related to when state court petitions are considered "properly filed" under AEDPA. Therefore, the mere fact that a state court petition is pending does not make it "properly filed" so as to toll the AEDPA statute of limitations.

with the Clerk of Court within fifteen days of the date of this Order his choice of whether to proceed on the petition as currently filed or whether he wishes to amend the petition to delete the unexhausted claims. The petitioner is cautioned that, if he chooses to amend the petition, he would "risk forfeiting consideration of his unexhausted claims in federal court. Under 28 U.S.C. § 2254 Rule 9(b), a district court may dismiss subsequent petitions if it finds that 'the failure of the petitioner to assert those [new] grounds in a prior petition constituted an abuse of the writ." *Lundy*, 455 U.S. at 520-521.

If the petitioner wishes to go forward with a petition without the unexhausted claims, then it would not be necessary for him to file an amended petition. Rather, he should simply advise the Magistrate Judge through a filing with the Clerk of Court which unexhausted claims he wishes to delete from his petition.

If the petitioner fails to file a document indicating his choice as indicated hereinabove, then the court directs the Magistrate Judge to proceed with review of all of the claims and to issue an appropriate Report and Recommendation for review by the undersigned.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. For the reasons stated, the Court respectfully declines to adopt the Report and Recommendation. The matter is recommitted to the Magistrate Judge for further proceedings consistent with this Order. The Petitioner's [98] Motion to Stay is DENIED.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

February 6, 2007
Florence, SC