IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, ) | C/A No. 8:05-2523-RBH |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | |
| ) | |
| Colie Rushton, Warden; Henry D. McMaster, ) | **O R D E R** |
| Attorney General of South Carolina, ) | |
| Respondents. ) | |
| ) | |

Petitioner Robert Holland Koon, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on September 29, 2005. Currently pending before the court is the Respondents' motion for summary judgment which was filed on February 21, 2006. By Order entered February 22, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on February 28, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on August 25, 2006. In the Report, the Magistrate Judge recommended that the entire petition be dismissed without prejudice under *Rose v. Lundy*, 455 U.S. 509 (1982), since the petition contained two claims as to which PCR proceedings were pending in state court. Petitioner filed objections to the Report and Recommendation on September 6, 2006. Petitioner also filed a motion to stay the proceedings pending completion of state PCR proceedings. By [125] Order filed on February 6, 2007, this Court rejected the recommendation of the

1

Magistrate Judge that the entire petition should be dismissed and recommitted the matter to the Magistrate Judge pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner was directed to advise the Magistrate Judge his choice of whether to proceed on the petition as currently filed or to amend the petition to delete the unexhausted claims. Petitioner filed a motion to reconsider the Order in which he indicated that he wished to have the option of dismissing his entire petition without prejudice. This Court entered an Order on March 8, 2007 granting the motion to reconsider to the extent that the petitioner would be allowed to dismiss his petition without prejudice but expressing no opinion on the effect of such dismissal. The petitioner filed an interlocutory appeal from this Court's Order which has now been dismissed. Petitioner then filed a motion to proceed on his original nine issues and his amended *Faretta* issue. This motion was granted on July 6, 2007.

Magistrate Judge Hendricks has filed a Report and Recommendation on August 7, 2007 [Document #169] which is currently before the Court recommending that the respondents' motion for summary judgment be granted as to all issues except the issue regarding alleged ineffective assistance of trial counsel in failing to cross-examine a State's witness as to his prior convictions. Petitioner filed objections on August 21, 2007. He filed Supplemental Objections on August 21, 2007. Respondents filed objections on August 24, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge

with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

*Petitioner's Objections*

### 1. Cumulative Effect of Aggregation of Errors

Petitioner contends that the Report fails to address the effect of all of the alleged errors which occurred at trial. Since this Court finds that the petitioner's allegations lack merit, this objection is also unfounded.

### 2. Ineffective Assistance of Counsel

A. Alleged failure to request immediate curative instruction regarding prior convictions[1]

B. Alleged failure to object to the admission of petitioner's prior convictions to prove an element of the offense and to the use of those prior convictions for impeachment on cross-examination of petitioner and to request a Rule 403 analysis regarding the admission of petitioner's prior convictions and the use of those prior convictions for impeachment on cross-examination of petitioner

C. Alleged failure to object under Rule 609 (Impeachment by Evidence of Prior Crime) to State's cross-examination of petitioner regarding prior convictions

D. Alleged failure to show the bias of the accusers by cross-examining the police witnesses regarding lawsuits previously brought by petitioner against the police

E. Alleged failure to request the court to conduct a hearing on petitioner's pretrial motion to proceed *pro se*

---

[1] Five prior burglary convictions and one prior grand larceny conviction were admitted to prove petitioner had "two or more convictions for burglary or housebreaking" pursuant to S.C. Code Ann. § 16-11-312(B)(2).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). When ineffective assistance of counsel is alleged, the court's analysis should center on whether the state courts properly applied the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In *Strickland*, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

The Magistrate's Report extensively discussed the petitioner's claims and finds that trial counsel was not ineffective under *Strickland*, except for the failure to cross-examine witness Sutherland regarding his prior convictions, which will be discussed below. The Court agrees that the petitioner has failed to show that his trial counsel was ineffective under *Strickland*

### 3. Cross-examination of Petitioner regarding Suppressed Evidence

Petitioner alleged as Ground Two of his petition for habeas corpus that "the **lower court erred** in allowing the State to cross-examine Appellant on suppressed evidence not related to Appellant's case in chief." (Emphasis added). Federal courts do not grant habeas relief to state prisoners for constitutional errors committed in state court unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Richmond v. Polk*, 375 F.3d 309, 335 (4th Cir. 2004), *citing Brecht v. Abrahamson*, 507 U.S. 619 (1993). If the error did not have a substantial and injurious effect on the verdict, then it would be considered harmless. The Court agrees with the finding by the Magistrate Judge that any error relating to the cross-examination of the petitioner regarding suppressed evidence was harmless.

### 6. Did Petitioner waive his right under <u>Faretta</u> to represent himself?

Petitioner claims under *Faretta v. California*, 422 U.S. 806 (1975) that the trial court erroneously failed to conduct a hearing regarding his request to proceed *pro se*. He apparently sent a letter to the trial judge before the trial began, requesting to represent himself. The trial judge referred the request to Petitioner's trial attorney. The attorney did not request a hearing and represented the petitioner throughout the trial. The Magistrate Judge found that Petitioner waived his request by not reasserting it at trial. *See U.S. v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997)("[T]he right to self-representation can be waived by failure timely to assert it, or by subsequent conduct giving the appearance of uncertainty.") This Court agrees that the record reveals that the petitioner did not raise the matter at trial and there is no evidence that petitioner requested his attorney to do so. This argument lacks merit.

### *Objections by Respondents*

Respondents object to the recommendation by the Magistrate Judge that summary judgment be denied as to Petitioner's claim that his trial counsel was ineffective for failing to impeach prosecution witness Sutherland with two prior convictions for giving false evidence to law enforcement. Respondents contend that the Magistrate Judge failed to give proper deference to state court proceedings as required by AEDPA. They further contend, in order to issue the writ, a federal court must find that the application of federal law by the state court was "unreasonable" and that the PCR judge properly found that trial counsel's testimony concerning his strategy with Sutherland was credible and reasonable and that Petitioner had failed to show deficient performance or prejudice.

Trial counsel testified at the PCR evidentiary hearing that he was "pretty sure" he had a rap sheet for Sutherland. He also was sure that he and Koon had discussed what Koon knew of Sutherland's record, and that Koon initially thought that Sutherland - a friend for many years - was going to provide favorable testimony. (2005 App. 854-57; 871-72.) Counsel's recollection of the

6

handling of Sutherland was somewhat incomplete. However, he had interviewed Sutherland before trial and believed that the most beneficial information that he elicited on cross examination of Sutherland was that he was a chronic drunk and that his memory was not reliable. Counsel was aware that Sutherland was going to testify adversely to Petitioner, but did not specifically recall why he did not try to impeach Sutherland with the convictions. However, he explained that "I don't know that every time you have that kind of information that you necessarily impeach a witness with it. I think the point of . . . the cross-examination of Mr. Sutherland was to show that he was drunk most of the time." Counsel further stated that his approach on cross-examination was to admit that Koon and Sutherland were friends, and that Sutherland was simply too drunk to accurately recall the events. (2005 App. 854-57; 871-72.)

Counsel did impeach the witness, who admitted he was Petitioner's friend. (2005 App. 346-47). The transcript reflects that counsel established that counsel established a pattern of drinking "every day" by Sutherland, as well as drinking on the day of February 11, 1997, the day Petitioner showed him the stolen gun and was later arrested. Counsel also elicited that the witness was on probation resulting from a DUI conviction at the time of the offense. (2005 App. 346-56).

The chosen strategy of portraying the witness as a friend but one too drunk to accurately remember the events of February 11, 1997, by its very nature would limit counsel's efforts to impeach with prior convictions indicative of lying, both in terms of the perception this would give jurors of someone attacking a "friend"and the effect it would have upon the witness.

Respondents also object to the finding that Sutherland's testimony "was central to the prosecution's case, linking the stolen weapon to the petitioner." (Report of Magistrate Judge, p. 23; 24.) They assert that this finding ignores that, well before Sutherland's testimony, the jury had heard

evidence that Petitioner had the gun in his possession when he was arrested by the Sheriff's Office. This was inadvertently overlooked and not mentioned by the Magistrate Judge in her analysis and review.

The record reveals that on February 11, 1997, Lt. David Oglesby and Patrolman Ben Allen, of the Cherokee County Sheriff's Office, responded to a disturbance at Ruppe' Trailer Park, in Cherokee County. Lt.Oglesby testified that "[t]here was **a man armed with a gun beating on the door**." (Emphasis added). The first time the officers went to the residence, they did not see anyone. So, they went to a nearby convenience store and waited until they received a second call. The second call indicated the man had returned to the residence. (2005 App. p. 167, line 20 - p. 169, l. 15.)

Lt. Oglesby testified that upon entering the residence, "the gentleman in the residence pointed to the rear of the trailer. He said, ['] he's in the back bedroom." The officers then entered the back bedroom and called for the man to come out. After calling two or three times, Koon came out from his hiding place under the bed. The police found the gun stolen from the South Carolina Department of Probation, Pardon and Parole Services (State's Ex. 2) and a holster under the same side of the bed, wrapped in a bandana. (2005 App. p. 169, line 16 - p. 174, line 2; p. 260, line 24 - p. 261, line 16; p. 336, line 14 - p. 342, line 2 ).  The location of the handgun, exactly where the petitioner was hiding, certainly was strong evidence linking the petitioner to the crime.  This fact refutes the prejudice prong of *Strickland*.

Petitioner did not refute this at trial. He testified that on the evening of his arrest he went to Sutherland's house and drank beer and liquor. He was on medication from a prior head injury. He claimed he blacked out afterwards and could not remember what happened that night. (2005 App.

p. 411, line 18 - p. 416, line 21.) He then woke up in jail and was served with a probation violation warrant. (2005 App. p. 416, line 22 - p. 418, line 4.) Therefore, while Sutherland's testimony was certainly helpful to establishing Petitioner's possession of the weapon, it was hardly crucial, despite trial counsel's testimony in the PCR as to his importance.

Respondents also disagree with the Magistrate Judge's conclusion that "as between the two pieces of evidence, the ledger card and the gun, the gun would have been more compelling to the jury. Although Petitioner did give an explanation for his fingerprint appearing on the card, the jury could look at the ledger card and see that it corroborated the State's evidence that the last entry for Koon on the ledger card was dated October 17, 1995. (2005 App. p. 256, line 23 - p. 258, line 21.) Further, Petitioner - a career criminal - was subject to vociferous cross-examination and impeachment by the State, including his admission he wrote Sutherland after being arrested and said he was not the person beating on Sutherland's door. (2005 App. 448-52). Therefore, there was not any greater degree of significance to the testimony about his possession of the stolen .357 (State's Ex. 2) than there was to the forensic evidence that a fingerprint was found in a place where it could have only been left during the course of a burglary.

The Court accordingly finds that the petitioner has not shown that his attorney was ineffective under *Strickland* regarding the cross-examination of Sutherland and there was not an unreasonable application of federal law by the state court.

## CONCLUSION

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. For the reasons stated, the Court adopts the Report and Recommendation except as to the issue relating to ineffective assistance of counsel as to failure to cross examine the witness regarding his prior

convictions.  The respondents' [48] Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 30, 2007
Florence, SC