UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Robert Holland Koon, | ) | C/A No.  8:05-2523-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Colie Rushton, Warden; | ) | |
| Henry  McMaster, Attorney General | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On September 30, 2007, this Court filed an Order adopting as modified the Report and Recommendation of Magistrate Judge Hendricks and granting the motion for summary judgment filed by the respondents.  The Order was mailed to Petitioner on October 1, 2007.  Petitioner filed [179] Motion to Reconsider the Order on October 15, 2007.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added).  Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the

1

result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In his motion to reconsider, Petitioner contends that the court did not address his objection relating to his first habeas issue which alleged that the trial court erred in refusing to allow him to present as evidence at trial his lawsuits against police officials as evidence of bias under Rock v. Arkansas, 483 U.S. 44 (1987). The Court has already adopted the Report of the Magistrate Judge, except in one respect not relevant here. The Court reiterates in this Order that the reasoning of the Magistrate Judge is adopted as to this issue.[1] However, to make the matter abundantly clear, this Court agrees with the Magistrate Judge that, assuming the issue is proper for a habeas petition, it lacks merit. Although the Constitution protects the right of a criminal defendant to testify on his own behalf, the defendant is still subject to evidentiary rules where they are not arbitrary. See Rock v. Arkansas, 483 U.S. 44 (1987); Chambers v. Mississippi, 410 U.S. 284 (1973). In the case at bar, the record reflects that the trial court's exclusion of the proffered testimony by the petitioner concerning lawsuits that he had brought against the police force was not arbitrary and the evidence was not relevant to the issues at trial. Also, the trial judge did allow Petitioner to cross-examine officers regarding whether they had been sued by Petitioner. Therefore, the motion for reconsideration is denied.

Petitioner also asserts that the second issue raised in his habeas petition was not addressed in this Court's prior order. However, this issue was in fact specifically addressed in this Court's prior order at page five. Petitioner's argument lacks merit.

Petitioner's Motion for Reconsideration is **DENIED**.

---

[1] A related issue was addressed in this Court's prior order as it related to Petitioner's allegations of ineffective assistance of counsel. This issue was not addressed as a free-standing issue other than in the Court's general adoption of the report as modified.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

March 28, 2008
Florence, SC